CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 OCT 23  PM 5: 13

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ABRAHAM & VENEKLASEN | § | |
| JOINT VENTURE, ABRAHAM | § | |
| EQUINE, INC. and JASON ABRAHAM | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 02:12-cv-00103-J |
| | § | |
| AMERICAN QUARTER HORSE | § | |
| ASSOCIATION | § | |
| | § | |
| *Defendant.* | § | |

## AGREED PROTECTIVE ORDER

On the 23rd day of October, 2012, the Court considered in the above-referenced and numbered cause the Agreed Motion for Protective Order. The Court finds the Motion to be with merit and GRANTS the Motion.

IT IS THEREFORE ORDERED that the parties, their counsel, and all persons who become aware of this order comply with all of its terms as set forth below.

### Scope of Order

1. This Agreed Protective Order protects information of both Plaintiffs and Defendant and sets forth the terms and conditions under which the parties may have access to certain financial information and confidential information relating to the subject of this litigation obtained by or from other parties to this litigation through all proceedings in the above-referenced and numbered case. This Order does not restrict access to it or limit the use of such information by the party producing it.

### Designation of Financial and Confidential Information

2.   Any of the parties may designate as "Confidential Information" their financial information, trade secrets, proprietary business matters, or other proprietary, confidential information relating to the subject of this litigation, the public disclosure of which would cause irreparable harm to the designating party. Information subject to designation includes any answers to interrogatories, documents produced, disclosures, responses to requests for admission, motions, and deposition testimony. A claim of CONFIDENTIAL pursuant to this Order does not indicate that the Court or the parties have found or agreed that the materials designated are in fact confidential.

3.   Confidential Information may be designated as confidential by affixing the word "CONFIDENTIAL" to the first page or cover page of the document, or each page should the party desire. The designation shall not interfere with the legibility of any portion of the document in any court filing or written discovery response filed with the Court. If a cover page is used, the designating party shall note on the cover page of the document that the document contains Confidential Information designated pursuant to this Agreed Protective Order. A document produced in electronic, native format may be designated by including the word "CONFIDENTIAL" in the electronic file name of the document. Should a confidential document be filed with the Court or Clerk, the filing party shall furnish such information to the Court or Clerk under seal.

4.   Information contained or revealed in a deposition (whether in an answer, question, or exhibit) may be designated as confidential by noting a claim of confidentiality

pursuant to this Agreed Protective Order on the record at the time of the deposition, whenever reasonably possible.   The confidentiality of the deposition shall be noted with "CONTAINS CONFIDENTIAL INFORMATION" in the caption or title and using the word "CONFIDENTIAL" on each page containing information designated as confidential.   A copy of this Order may also be included in all bound transcriptions of the deposition.   The party claiming confidentiality or the person(s) obligated to maintain and protect confidentiality under this Agreed Protective Order shall, on the record, advise all persons present that the information is confidential and subject to this Agreed Protective Order governing its use. Before the disclosure of information previously designated as Confidential Information in a deposition, all persons present at the deposition who have not already been subject to this Agreed Protective Order shall be provided with a copy of this Order and shall acknowledge on the record that they have read the Order and agree to be found by its terms.   The designated material shall be accorded confidential treatment pursuant to this Agreed Protective Order and counsel for the Party making the claim of confidentiality shall be responsible for insuring that the preceding provisions of this paragraph concerning the transcription and identification of confidential material are followed.   When the claim of confidentiality has not been made in advance of the disclosure or at the time of the deposition, it must be made within thirty days of receipt of the deposition transcript from the court reporter or it is waived.

5.      A party may contest a confidential designation by sending written notice to the party claiming confidentiality.  All parties agree to confer and attempt to resolve such contests without judicial interference.   However, if the party claiming confidentiality does not remove the designation within 10 days of receiving the written notice, the party contesting the confidential designation may then address the matter in a motion before the Court.

Use of and Access to Confidential Information

6.      Confidential Information subject to this Agreed Protective Order shall be used solely and exclusively for the purpose of enabling the parties and their counsel to prepare for and try the above entitled and numbered case, and shall be used only in accordance with the provisions of this Order, and shall not be used or disclosed for any other purpose whatsoever.  Except upon prior order of this Court, after notice and hearing as provided hereunder, or upon written agreement of the parties, such information shall not be disclosed for use in or for other cases, proceedings, or disputes, or disseminated to the public in any way.

7.      It is the responsibility of counsel for the party receiving Confidential Information to maintain materials containing information designated by any other party as Confidential Information in a secure and appropriate manner so as to deny access to such Confidential Information to all persons other than those persons permitted to have access to such information as expressly provided by this Agreed Protective Order.

8.      Except with the prior written consent of the designating party or pursuant to a prior

order of this Court, after notice and hearing as provided hereunder, any documents, transcripts, and other information designated as Confidential Information (and information contained in or derived from materials designated as Confidential Information) may not be disclosed except as expressly authorized in this Agreed Protective Order, and, in this regard, may not be disclosed (other than by the designating party or the designating party's counsel) or made available for any purpose to any person other than the following:

a.     Counsel of record and designated members of their paralegal and clerical staffs;

b.     parties and officers, directors, and employees of any party, who are deposed or who are directly and personally involved in the prosecution or defense of this case, such persons to be specifically identified by signing Exhibit "A" attached hereto, and be required to abide by the terms of this Agreed Protective Order ;

c.     expert witnesses or consultants engaged by the parties to assist in the prosecution or defense of this case, each of whom shall be identified to the extent required by Rule 26, Federal Rules of Civil Procedure, and required to sign Exhibit "A" attached hereto and be bound and governed by the terms of this Agreed Protective Order ;

d.     non-party witnesses and their counsel of record, but only to the extent that such confidential information was written by or to such witness, or referred to such witness or his employer, and only if the witness and their counsel

sign Exhibit "A" attached hereto to be bound by this order; provided, however, that no person to whom confidential information is disclosed pursuant to this subparagraph (e) shall be given a copy of any such document or information to take from the place of deposition, trial, or preparation nor shall any such person be permitted to make notes of, or otherwise reproduce, any such information or be given summaries or compilations of such information, including any information contained therein or derived therefrom.

In addition, if the identity of an expert consultant is not disclosed, the party's counsel who engaged the consultant shall, at all times, be able to certify to the Court the identities of all persons to whom Confidential Information has been disclosed under this paragraph and provide sufficient facts to satisfy the Court that the consultant has sufficient qualifications to assist the party in the prosecution or defense of this case and was engaged in good faith, and has agreed to be bound by this Order. All counsel shall make such certification immediately upon being requested to do so by the Court.

9. The parties, their counsel, and all persons to whom confidential information and/or documents are disclosed through proceedings in the above-referenced and numbered cause are hereby ENJOINED and PROHIBITED from using same except in the preparation for mediation or trial, and during discovery, mediation, trial, or appeal of this cause (under such safeguards as the Court may require) and all such persons are further ENJOINED and PROHIBITED from disclosing same to any

person or for any purpose other than as expressly provided herein. No person receiving or reviewing any document, transcript, or other information designated as Confidential Information shall disclose the contents of such documents, transcript, or other information to any persons other than those permitted to have access as provided in this Agreed Protective Order, and those disclosures which are made shall be made solely for the purposes specified herein. In no event shall any person receiving or reviewing any document, transcript, or other information designated as Confidential Information make use of such document, transcript, or information other than a use expressly permitted in this Order. Nothing contained herein, however, shall be deemed as restricting access to such information or limiting its use by the party or parties designating such information as confidential.

10. All persons to whom Confidential Information and/or documents are disclosed shall, before such disclosure, be provided with a copy of this Agreed Protective Order and required to sign Exhibit "A" acknowledging receipt of the order and consenting to abide by its terms. Each party's counsel shall, at all times, maintain written proof of compliance with all provisions of this paragraph, and shall, immediately upon being requested to do so by the Court, furnish the Court with documentary proof of such compliance.

<u>In Camera Treatment of Materials Submitted to the Court</u>

11. All materials containing information that has been designated as Confidential Information shall remain confidential and shall be accorded *in camera* treatment.

12. With ten days after the conclusion of this case, including any appellate proceedings,

all documents containing confidential information (and all copies thereof), except exhibits used in the trial of this cause, shall be returned to the party producing same. All notes, drafts, memoranda, work papers, and other materials that contain information designated as confidential, except exhibits used in the trial of this cause, may be destroyed or retained by counsel for the party, and, if so retained, shall be preserved as confidential in accordance with the terms of this Agreed Protective Order. On the written request of any party, compliance with this paragraph shall be confirmed by affidavit, within thirty days after the conclusion of this case.

<u>Inadvertent or Unintentional Disclosures</u>

13.   Except as provided in paragraph 6 of this Order, the inadvertent or unintentional disclosure of confidential information shall not be construed to be a waiver, in whole or in part, of:

    a.   the producing party's claims of confidentiality either as to the specific information disclosed or as to any other information relating thereto; or

    b.   the obtaining party's claims of confidentiality for its information pursuant to this Order.

<u>Breach of Provisions of This Order</u>

14.   A breach of the provisions of this Agreed Protective Order shall be subject to sanctions, at the discretion of the Court, as within or authorized by any statute, rule, or inherent power of the Court, or as otherwise provided by law.

<u>Survival of Provisions</u>

15.   The provisions of this Agreed Protective Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in

this case, whether by settlement or litigation.

## No Effect on Substantive Issues

16.    The production of documents or information pursuant to this Agreed Protective Order shall not constitute an admission or agreement that any document or information produced is admissible as evidence in this case.   Designation of any information as subject to this Agreed Protective Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

## Jurisdiction of the Court

17.    This Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation), to construe, enforce, and amend the provisions of this Agreed Protective Order.   The treatment of confidential information to be introduced at trial shall be the subject of a later order.

IT IS SO ORDERED.

ENTERED this 23rd day of October, 2012.

Judge Presiding

Agreed to by:

*/s/ Nancy J. Stone*
Nancy J. Stone
ATTORNEY FOR PLAINTIFF
ABRAHAM & VENEKLASEN JOINT VENTURE

*/s/ Ronald D. Nickum*
Ronald D. Nickum
ATTORNEY FOR PLAINTIFF
JASON ABRAHAM

*/s/ Sam L. Stein*
Sam L. Stein
ATTORNEY FOR PLAINTIFF
ABRAHAM EQUINE, INC.

/s/W. Wade Arnold
W. Wade Arnold
ATTORNEYS FOR DEFENDANT
AMERICAN QUARTER HORSE ASSOCIATION
AGREED TO AND APPROVED BY:

EXHIBIT "A"

I, _____, hereby acknowledge that I will receive certain

confidential documents ("Protected Documents"), stamped "CONFIDENTIAL", provided

to me in connection with Cause No. 02-12-CV-00103-J in the U.S. District Court, Northern

District of Texas, Amarillo, Division, styled *Abraham & Veneklasen Joint Venture,*

*Abraham Equine, Inc. and Jason Abraham, Plaintiffs, v. American Quarter Horse*

*Association, Defendant.*   I certify that I have read a copy of the Agreed Order entered in

the above-referenced case.   I agree to use the Protected Documents and the information

contained therein only for the purposes of the above-referenced litigation and not for any

business or commercial purpose.   I further agree to disclose neither the Protected

Documents nor the information contained therein to any other person or entity.   I

expressly agree to be bound by the Agreed Protective Order and to be subject to the

personal jurisdiction of the United States District Court for the Northern District of Texas,

Amarillo Division.


_____                    _____
Date                                                      Name (Print)

                                                          _____
                                                          Signature

                                                          _____
                                                          Business Address